UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID MICHAEL BOLEA,

                              Plaintiff,

                                                                      DECISION AND ORDER

                                                                          15-CV-6402L

                          v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                                Defendant.
_____

      Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

      On May 14, 2009, plaintiff, then thirty-two years old, filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work since December 24, 2001. His application was initially denied. Plaintiff requested a hearing, which was held on January 6, 2011 via videoconference before Administrative Law Judge ("ALJ") Lawrence Levey. The ALJ issued an unfavorable decision on January 25, 2011. Plaintiff requested review, which was denied, and plaintiff appealed to this Court via an earlier action, *Bolea v. Astrue*, 12-CV-6072 (the "2012 action"). On October 23, 2012, the Court signed a Stipulation and Order, proposed by the parties, remanding the matter to

the Commissioner pursuant to sentence four of 42 U.S.C. §405(g), and the 2012 action was thereafter closed.

On January 17, 2013, the Appeals Council vacated the ALJ's 2011 decision and remanded the case for further proceedings. (Dkt. #5 at 647-48).1  On September 18, 2012, ALJ Levey held a new video hearing at which plaintiff testified. The ALJ issued a new, unfavorable decision on October 29, 2013, again concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #5 at 571-81). That decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's objections to the ALJ's October 29, 2013 decision, on May 12, 2015. (Dkt. #5 at 545-47). Plaintiff now appeals from that decision.

The plaintiff has moved (Dkt. #9), and the Commissioner has cross moved (Dkt. #14) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow the Commissioner's cross motion is granted, plaintiff's motion is denied, and the Commissioner's decision is affirmed.

DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. If the ALJ concludes that the claimant is not engaged in substantial gainful employment and suffers from a severe impairment, he then examines whether the claimant's impairment meets or equals the criteria of those listed in Appendix 1 of Subpart P of Regulation No. 4. If the impairment does so, and has continued for

---

1 Dkt. #5 is the administrative transcript. Page number references identify the page numbers assigned and stamped at the top of each page at the time of filing, which differs from the Bates-numbering that appears at the bottom of most pages.

the required duration, the claimant is disabled. If not, analysis proceeds and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f). If the claimant's RFC permits him to perform relevant jobs he has done in the past, he is not disabled. If not, analysis proceeds to the final step, and the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999), (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)). *See also* 20 CFR §404.1560(c).

  The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Nonetheless, "it is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this

Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

ALJ Levy's decision recites detailed findings of fact and recites the bases upon which they rest. Upon careful review of the record, I believe that the ALJ applied the correct legal standards, and that his finding that plaintiff is not totally disabled is supported by substantial evidence.

In examining plaintiff's impairments and determining plaintiff's RFC, the ALJ summarized plaintiff's medical records, particularly with respect to degenerative disc disease, asthma, gastroesophageal reflux disorder, left ear hearing impairment, mild essential tremor, hypothyroidism (Hashimoto's Thyroiditis), and somatization disorder (a mental disorder characterized by extreme anxiety about actual physical symptoms), which he determined together constituted a severe impairment not meeting or equaling a listed impairment. I believe the evidence supports the ALJ's conclusion that plaintiff, then a 36-year-old man with an associate's degree in the field of automobile repair and past work as an automotive technician, was not totally disabled, due to the ALJ's finding at step four that plaintiff retained the RFC to perform medium work, except that plaintiff was restricted to no more than occasional stooping, could not balance on narrow, slippery or erratically moving surfaces or climb ladders, roped or scaffolds; could not use his right arm for more than occasional fine manipulation, must avoid all exposure to environmental irritants, extreme cold, unprotected heights, and hazardous machinery, required accommodation for moderate left-ear hearing loss, required ready access to restroom facilities, and could perform only simple, routine and repetitive tasks. When presented with this RFC at the hearing, vocational expert Stephanie Archer testified that such an individual

could perform several positions existing in significant numbers in the economy: light cleaner, medium cleaner, and sales attendant. (Dkt. #5 at 575, 627-28).

### I. The Treating Physician Rule

A treating physician's opinion is entitled to controlling weight if it is well-supported by medical findings and not inconsistent with other substantial evidence. *See Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999). In determining whether to afford controlling weight to the opinion of a treating physician, the ALJ must consider: (1) the examining relationship; (2) the extent of the treatment relationship; (3) medical support for the opinion: (4) consistency between the opinion and other evidence of record; and (5) the physician's specialization, along with any other relevant factors. 29 C.F.R. §404.1527(d)(2). An ALJ's failure to apply these factors and provide reasons for the weight given to the treating physician's report is reversible error. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999); *Schall v. Apfel*, 134 F.3d 496 (2d Cir. 1998).

Plaintiff contends that the ALJ failed to set forth an adequate explanation for his decision not to give controlling weight to the opinions of plaintiff's treating physician, Dr. Vu Tran ("Tran"). Dr. Tran contributed two RFC questionnaires. The first, dated January 5, 2011 and relating only to plaintiff's seizure disorder, opined that it caused plaintiff to have about 3 seizures per month of 3 minutes or less in duration, resulting in 5-60 minutes of exhaustion, confusion and muscle strain immediately after the seizure as well as generalized ongoing depression, irritability and memory problems. Dr. Tran opined that these symptoms rendered plaintiff incapable of even "low stress" jobs, and would require frequent unscheduled one-hour rest breaks. (Dkt. #5 at 506-509). In a second RFC assessment dated September 4, 2013, Dr. Tran noted that plaintiff had bipolar disorder, depression, chronic back pain, fatigue, and hearing loss. When asked on the form to cite to any supportive clinical findings or objective signs concerning

these diagnoses, Dr. Tran apparently declined, leaving that section blank. (Dkt. #5 at 833). Dr. Tran generally opined that plaintiff's ailments would be expected to constantly interfere with plaintiff's attention and concentration, and to prevent him from walking more than 1 block, sitting for more than 10 minutes at a time, or standing for more than 20 minutes at a time, and would require frequent, 10-minute breaks every hour and cause plaintiff to miss work at least 4 days per month. (Dkt. #5 at 833-36).

The ALJ afforded these opinions "limited weight" (Dkt. #5 at 573), noting that Dr. Tran's opinions did not relate to the period at issue since they were rendered 4-6 years after the expiration of plaintiff's disability insured status (the "date last insured") on March 31, 2006 (Dkt. #5 at 566, 574),[2] and that in any event they reflected a degree of disability that was entirely inconsistent with, and unsupported by, contemporaneous examination notes and other medical evidence of record for the period in question. For similar reasons, the ALJ afforded "but little weight" to the opinion of plaintiff's treating psychiatrist, Dr. Douglas Landy ("Landy"), who did not begin treating plaintiff until 2011, five years after date last insured. Dr. Landy had opined that although plaintiff suffered from bipolar disorder with a "fair [to] good" prognosis and no intellectual deficits, plaintiff had, inter alia, no useful ability to function with respect to remembering work-like procedures, maintaining attention and concentration for two hours, working with others, making simple work-related decisions, performing at a consistent pace, responding appropriately to changes in the work setting, and dealing with normal work stress. Dr. Landy also indicated that plaintiff's mental health problems would cause him to miss work

---

2 The ALJ found in his initial decision (Dkt. #5 at 11), and plaintiff does not appear to have ever disputed, that although plaintiff claimed a December 24, 2001 onset date in his initial application, his earnings furnished "sufficient quarters of coverage to remain insured through March 31, 2006," and that the claimant must therefore "establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits." *Id*.

for more than four days per month. When asked on the form to specify the earliest date to which the assessment applied, Dr. Landy declined to provide an answer. (Dkt. #5 at 512-16).

I concur with the ALJ's observations that Dr. Tran's and Dr. Landy's RFC reports are not entitled to controlling weight, first and foremost because they have almost no bearing on the time period at issue. *See Britt v. Astrue*, 2012 U.S. App. LEXIS 12527 at *4 (2d Cir. 2012) (ALJ did not err in declining to afford controlling weight to treating physician's opinion, where opinion was written 5 years after the relevant time period and did not purport to describe plaintiff's limitations during that period) (citing *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991)). Furthermore, and as the ALJ found, to the extent that Dr. Tran's and Dr. Landy's RFC opinions do relate to the relevant time period, they indicate a level of disability far beyond that indicated elsewhere in the record, and in particular, far beyond that indicated by plaintiff's treatment records and objective test results in and even after the relevant period. *See e.g.*, Dkt. #5 at 233 (February 27, 2001 examination for back pain, showing normal walk and balance tests, negative straight leg raising test, some reduction in lumbar and cervical range of motion with chiropractic treatment and home exercise recommended; 279 (November 7, 2003 radiology report finding that multiple scans of plaintiff's thoracic and cervical spine show no joint or bony pathology, no subluxation (displacement) and no fracture); 307 (February 18, 2003 bloodwork report showing thyroid hormone levels within normal range); 359 (November 19, 2003 report noting that MRI of plaintiff's spine shows mild disc bulging in the thoracic spine and an "essentially normal" cervical spine, with no recommendation for treatment beyond physical therapy); 335 (August 22, 2007 bone density evaluation results normal), 352-54 (September 27, 2006, examination of plaintiff showing normal ranges of motion, normal posture, negative fibromyalgia points, diagnosis of possible somatization disorder); 362 (January 29, 2009, plaintiff's thyroid

functioning within normal limits); 414 (May 5, 2007, plaintiff's neurological examination entirely normal, with normal muscle tone and power, normal gait, negative straight leg raising test); 434 (February 17, 2010 examination showing normal gait, full range of motion, negative straight leg raising test); 451 (April 19, 2010, plaintiff's hypothyroidism found to be "under control" with TSH within normal levels); 454-55 (September 13, 2010, plaintiff reports that he has been "working in the house" and "exercising on a regular basis," and exam shows full range of musculoskeletal motion); 488 (November 22, 2010 examination showing full range of motion and hypothyroidism under control).

Plaintiff also argues that even if the ALJ's grant of "little weight" to the opinions of plaintiff's treating physicians was appropriate, having rejected those opinions, the ALJ then improperly substituted his lay opinion for competent medical evidence. The Court disagrees, given that the ALJ cited other medical evidence of record upon which his RFC findings were grounded, including objective testing of plaintiff's spine including physical tests and an MRI or plaintiff's spine (Dkt. #5 at 572), treatment records for seizure disorder and essential tremor and an MRI of plaintiff's brain (*id.*), and treatment records for asthma and GERD including plaintiff's contemporaneous self-reports of the limitations posed thereby (Dkt. #5 at 573). Plaintiff's records show no appreciable history of mental health complaints or treatment prior to 2011.

"Under the circumstances presented in this case, it cannot be said that the ALJ disregarded the medical evidence from [p]laintiff's treating physician and instead substituted his lay opinion for competent medical evidence. Rather, the Court finds that the ALJ carefully reviewed and acknowledged the medical evidence and opinions of [p]laintiff's treating physicians, and rejected those opinions deemed to be conclusory or inconsistent with the medical

evidence provided in [p]laintiff's record." *Stanton v. Astrue*, 2009 U.S. Dist. LEXIS 130826 at *16 (N.D.N.Y. 2009). *See also Pollard v. Astrue*, 2009 U.S. Dist. LEXIS 60619 at *22 (N.D.N.Y. 2009).

I have considered the remainder of plaintiff's claims, and find them to be without merit. Overall, I find that the record simply does not support plaintiff's claim of total disability. As such, I concur with the ALJ and conclude that there is substantial evidence to support his determination of plaintiff's residual functional capacity, as well as his finding that plaintiff is not disabled. As such, I find no reason to modify the ALJ's decision.

## CONCLUSION

The Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is granted, and plaintiff's motion for judgment on the pleadings (Dkt. #9) is denied. The Commissioner's decision that plaintiff was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 6, 2016.